IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| STEVE CLEMENT, | § | |
|     *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00011-JRG |
| USA BARN, LLC, | § | |
|     *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is USA Barn, LLC ("Defendant") Motion to Dismiss Pursuant to Rule 12(b)(3), or in the Alternative, Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (the "Motion"). (Dkt. No. 7.) In the Motion, Defendant requests dismissal of the above-captioned case under Rule 12(b)(3), or alternatively, transfer to the Eastern District of Oklahoma. (*Id*. at 1.) For the following reasons, the Court finds that the Motion should be **GRANTED**.

I.    **BACKGROUND**

Plaintiff Steve Clement ("Plaintiff" and with Defendant, the "Parties") filed the original complaint in the above-captioned case on January 9, 2024. (Dkt. No. 1.) Three days later, Plaintiff filed Plaintiff's First Amended Complaint ("FAC"). (Dkt. No. 4.) In the FAC, Plaintiff asserts claims of breach of contract, breach of warranty, and consumer fraud against Defendant. (*Id*. ¶ 1.) Plaintiff alleges that he and Defendant "entered into a written agreement for the construction of a barn building to be located at Plaintiff's personal residence," but "Defendant made numerous errors during construction that required various repairs" and failed to uphold its end of the agreement. (*Id*. ¶¶ 2–5.)

Plaintiff attached to the Complaint the Agreement for Construction of Building ("Agreement") signed by Plaintiff and one of Defendant's representatives. (Dkt. No. 4-1.) Relevant here, the Agreement includes the following provision:

> **Section 13 – Governing Law** – It is agreed that this agreement shall be governed by, construed, and enforced in accordance with the laws of the state of Oklahoma. [Plaintiff] and [Defendant] hereby exclusively designate and consent to *in personam* jurisdiction in the District Court of Muskogee County, Oklahoma, or the U.S. Federal Court for the Eastern District of Oklahoma, as applicable, for resolution of any and all disputes arising from their respective duties, promises and obligations contained herein.

(*Id.*)

On March 14, 2024, Defendant filed this Motion. (Dkt. No. 7.) On March 28, 2024, Plaintiff filed Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, or in the Alternative, Transfer Venue (the "Opposition"). (Dkt. No. 8.) Plaintiff attached to the Opposition the Affidavit of Carla Carpenter Rice, which refers to a slightly different version of the Agreement that was purportedly executed by the Parties. (*Id.* at 17–24.)

In view of the discrepancies between the versions of the Agreement attached to the FAC and the Opposition, the Court *sua sponte* ordered the Parties to mediation. (Dkt. No. 10, the "May 7, 2024 Order.") In the May 7, 2024 Order, the Court noted "two preliminary issues" with the Agreement. (*Id.* at 2.) First, it was not clear which version of the Agreement was operative. (*Id.*) Second, it was not clear to the Court—and the Parties did not brief—"how to determine the 'applicable' court" in Section 13. (*Id.*)[1]

As directed by the Court, Mr. G.R. (Randy) Akin mediated the case. (*Id.* at 3.) However, after two mediation conferences held on July 23, 2024 and July 31, 2024, Mr. Akin informed the Court that the Parties were at an impasse. (Dkt. No. 17.)

---

[1] Despite the Court observing that (1) the Parties failed to brief these issues, and (2) parole evidence may help clarify the issues, the Parties have not requested leave to further brief the issues or present parole evidence. Upon further review, the Court determines that (1) the language used in each version of the Agreement is substantially similar and that the version attached to the FAC is the operative version, and (2) that the Court can resolve any alleged ambiguities without parole evidence.

2

## II. LEGAL STANDARD

### 1. Rule 12(b)(3)

A party may move to dismiss an action for "improper venue." FED. R. CIV. P. 12(b)(3). If venue is improper, the Court must dismiss the case, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Fifth Circuit has affirmed "a district court's granting a Rule 12(b)(3) motion to dismiss based on a forum selection clause." *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir. 2005) (citing *Mitsui & Co. (USA), Inc. v. MIRA M/V*, 111 F.3d 33, 37 (5th Cir.1997)).

### 2. 28 U.S.C. § 1404(a)

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A case may also be transferred under § 1404(a) if there is an applicable forum selection clause. *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 52 (2013). If a party files such a motion to transfer, then "proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Id*. Courts in the Fifth Circuit apply a "strong presumption" in favor of enforcing mandatory forum-selection clauses. *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016), 811 F.3d at 773 (citing *Haynsworth v. The Corporation*, 121 F.3d 956, 962-63 (5th Cir. 1997)). "The presumption of enforceability may be overcome, however, by a clear showing that the clause is 'unreasonable' under the circumstances." *Id.*, 811 F.3d at 773 (quoting *Haynsworth*, 121 F.3d at 963). The Fifth Circuit has stated the following:

> Unreasonableness potentially exists where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected

3

forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Haynsworth*, 121 F.3d at 963 (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595, (1991), and *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-13, 15, 18 (1972)) (internal quotation marks omitted). "The party resisting enforcement on these grounds bears a 'heavy burden of proof.'" *Id*. (quoting *Bremen*, 407 U.S. at 17). Federal law determines the clause's enforceability. *See id*. at 962.

### III.  DISCUSSION

In the Motion, Defendant states that the parties "negotiated that the forum for any and all disputes would be in the United States District Court for the Eastern District of Oklahoma, located in Muskogee, Oklahoma." (Dkt. No. 7 at 3.) Defendant argues that "the Supreme Court held that Section 1404(a) is the exclusive mechanism for enforcing a forum-selection clause that points to another federal forum when venue is otherwise proper in the district where the case was brought." (*Id*. at 4.) In view of this Supreme Court precedent and Section 13 of the Agreement, Defendants argue that "this case should be transferred accordingly." (*Id*. at 5.)

In the Opposition, Plaintiff first argues that the forum selection clause is permissive and does not apply to Plaintiff's consumer protection claims. (Dkt. No. 8 at 3–7.) According to Plaintiff, Section 13 of the Agreement "does not say that Muskogee courts are the exclusive or sole appropriate forum" and it does not "contain any mandatory language requiring venue only in Muscogee courts or other language prohibiting suit in another appropriate forum." (*Id*. at 4.) The use of the word "exclusive" in Section 13 "modifies 'designate and consent' rather than 'appropriate.'" (*Id*. at 5.) Moreover, Plaintiff argues that its consumer protection claims do not arise from the Agreement; rather, they arise from Defendant's experience and representations to Plaintiff. (*Id*. at 5–7.) Second, Plaintiff argues that it would be unreasonable and unfair to enforce

the forum selection clause. (*Id*. at 7–13.) Plaintiff states that his "severe physical disabilities and substantially limited financial resources make it gravely difficult, if not impossible, for him to litigate this action in the Eastern District of Oklahoma." (*Id*. at 8–11.) Plaintiff further argues that Section 13 should not be enforced because he had no notice of the forum selection clause before executing the contract. (*Id*. at 11.) According to Plaintiff, he never discussed the forum selection clause with Defendant, and Defendant only provided an electronic copy of the Agreement, which "misled" Plaintiff into believing there was no forum selection clause. (*Id*. at 12–13.) Third, Plaintiff argues that the Rule 12(b)(3) motion should be denied. (*Id*. at 14–15.)

After careful review, the Court finds that this case should be dismissed. Section 13 of the Agreement provides that Plaintiff and Defendant "hereby exclusively designate and consent to *in personam* jurisdiction in the District Court of Muskogee County, Oklahoma, or the U.S. Federal Court for the Eastern District of Oklahoma, as applicable, for resolution of any and all disputes arising from their respective duties, promises and obligations contained herein." (Dkt. No. 4-1 § 13.) Plaintiff is correct that the word "exclusively" modifies the words "designate and consent." However, this construction dictates that the Parties designated and consented to *in personam* jurisdiction in only two courts: the District Court of Muskogee County, Oklahoma, or the U.S. Federal Court for the Eastern District of Oklahoma. Moreover, the term "as applicable" refers to whether a dispute should be resolved in the District Court of Muskogee County, Oklahoma (*i.e.*, state court), or the U.S. Federal Court for the Eastern District of Oklahoma (*i.e.*, federal court). The Court therefore is compelled to reject Plaintiff's attempt to broaden Section 13 to allow Plaintiff to bring the FAC's claims in a different jurisdiction.

The Court also rejects Plaintiff's argument that his consumer fraud claims do not "arise[] from [Defendant's] respective duties, promises and obligations contained" in the Agreement. (*Id*.)

First, Plaintiff re-alleges all contract-related allegations to support his consumer fraud claims. (Dkt. No. 4 ¶¶ 59 ("Plaintiff repeats and re-alleges each and every allegation above as if set forth herein."), 74 (same), 83 (same).) This demonstrates that the consumer fraud claims rely upon the same operative facts as Defendant's alleged breach of the Agreement. Second, Plaintiff's consumer fraud claims all arise from Defendant's alleged failure to properly construct the barn, as contemplated by the Agreement. (*Id*. ¶¶ 70–71 (alleging that Plaintiff relied upon "Defendant's professional experience in barn construction" and Defendant's representations that it would construct "the barn building, concrete floor and surrounding concrete walkway . . . in a workmanlike manner and free from defects"), 79–80 (same), 93–94 (same); Dkt. No. 4-1 § 1 ("**Scope of Work** – The contractor agrees to provide all of the material and labor required to construct the building specified in the proposal which is identified by the signatures of the owner and contractor and which forms a part of this agreement.").) Accordingly, the Court finds that all of Plaintiff's claims "arise[] from [Defendant's] respective duties, promises and obligations contained" in the Agreement.

The Court acknowledges the serious nature of Plaintiff's physical disabilities,[2] but the Court does not find that it would be unreasonable and unfair to enforce Section 13 of the Agreement. While Plaintiff would need to travel further to Muskogee, Oklahoma than Marshall, Texas, the added burden is not overly burdensome.[3] Further, Plaintiff argues that he cannot stay overnight in Oklahoma for trial because "[h]e gets very anxious and agitated in unfamiliar environments." (Dkt. No. 8 at Ex. A ¶ 10.) This is not sufficient to override the forum selection

---

[2] Plaintiff's alleged disabilities are supported by the affidavit of Carla Carpenter Rice, Plaintiff's "life partner." (Dkt. No. 8, Ex. A ¶ 3.)

[3] Ms. Rice states that she and Plaintiff reside at 1712 CR 2348, Marietta, Texas 75566. (Dkt. No. 8, Ex. A ¶ 2.) According to the Court's research, Plaintiff's residence is (1) approximately 234 miles from Muskogee, Oklahoma, and (2) approximately 51 miles from this Court.

clause. Further, while Plaintiff also argues that he cannot attend trial in Muskogee, Oklahoma because he "attends rigorous therapy several hours a day for three days each week," Plaintiff would have the same issue making such appointments during trial in this Court because each trial day would likely consume (at least) a full work day. Also, the Court rejects Plaintiff's argument that his financial situation precludes enforcement of Section 13 of the Agreement because Plaintiff fails to explain how litigating in Oklahoma would be more financially difficult than litigating in this Court. Even considering Plaintiff's physical and financial conditions in combination, they do not override the forum selection clause.[4]

The Court further rejects Plaintiff's argument that he had no notice of the forum selection clause. Plaintiff complains that (1) he never discussed the forum selection clause with Defendant over the telephone before receiving the proposed Agreement, and (2) Defendant failed to provide a hard copy of the proposed Agreement for Plaintiff's review. Both arguments fail. First, this Court refuses to create a rule that parties to a contract must orally discuss each term contained in a written instrument to have effect. Second, Plaintiff acknowledges that he received the terms and he never requested a hard copy of the proposal. As Ms. Rice states in her declaration, she and Plaintiff received the proposal via DocuSign, and without reviewing the "TERMS" tab of the Excel document containing the Agreement, Plaintiff signed the proposal. In Exhibit 1 to Ms. Rice's declaration, the "TERMS" tab appears directly below the executed "CUSTOMER SIGNATURE" line. Additionally, the signed "PROPOSAL" tab includes the following statement in blue, italicized, all-caps font: "Please see agreement for construction of building. By signing customer

---

[4] Plaintiff cites two out-of-circuit cases to support his argument, but neither help. In *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133 (9th Cir. 2004), the forum selection clause would have forced an Oregon resident to litigate in Wisconsin, and in *Walker v. Carnival Cruise Lines*, 107 F. Supp. 2d 1135 (N.D. Cal. 2000), the forum selection clause would have forced a California resident to litigate in Florida. Here, enforcing the forum selection clause would require Plaintiff to travel to a court in an adjacent state.

agrees with terms and conditions." Accordingly, Defendant adequately provided Plaintiff with notice of the terms of the proposal. There was no fraudulent inducement. If Plaintiff needed a paper copy of the entire Agreement to review before signing, he could have requested one.

The Court finds that Section 13 of the Agreement is valid and enforceable.

IV.   **CONCLUSION**

For the reasons stated above, the Court finds that the Motion (Dkt. No. 7) should be and hereby is **GRANTED**. Accordingly, the Court **ORDERS** that the above-captioned case be **DISMISSED WITHOUT PREJUDICE**.[5] All pending requests for relief in the above-captioned case not explicitly granted herein are **DENIED AS MOOT**.

The Clerk of Court is directed to **CLOSE** the above-captioned case as no parties or claims remain.

**So ORDERED and SIGNED this 30th day of August, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[5] The Court finds that dismissing the case is preferable to transferring to the U.S. District Court for the Eastern District of Oklahoma. Since the Supreme Court issued its opinion in *McGirt v. Oklahoma*, the Eastern District of Oklahoma has experienced "soaring caseloads." Ben Penn, *US Prosecutor Hiring Flounders After Supreme Court Tribal Ruling*, BLOOMBERG LAW (Sept. 18, 2023), https://news.bloomberglaw.com/us-law-week/forgotten-oklahoma-town-cant-attract-enough-us-prosecutors. The public reporting as to the real-world impact of *McGirt* within the U.S. District Court for the Eastern District of Oklahoma, when coupled with the prioritization of criminal cases over civil cases, makes it clear that a transfer would likely deprive Plaintiff of a reasonable expectation of a trial anytime soon. Dismissal without prejudice gives Plaintiff the opportunity to refile this case, if he prefers, in the District Court of Muskogee County, Oklahoma state court, where he may receive an earlier trial setting.